## The State Insurance Company of Missouri *versus* Todd *et al.*    Same *versus* Todd.

1. A policy of insurance provided that proofs of loss should be sent to the office of the company within thirty days after a fire; and another clause of the same policy provided that no condition of the policy should be waived except by a general officer of the company by writing endorsed on the policy. After the property insured had been destroyed by fire, the secretary of the company notified the insured that the company would replace the property destroyed, and unwarrantably interfered with the agent of the insured in making out the proofs of loss, directing him not to complete them; the proofs were consequently not sent in within thirty days; the company did not replace the property.  *Held*, that these facts made out evidence of a waiver of the condition requiring proofs of loss within thirty days, and that the facts were for the jury.

2. The policy further provided that a failure on the part of the insured to notify the company of any mortgage on the property would avoid the policy. There was a mortgage on the property (of which the company never had actual notice) when it was insured in February 1872; in October 1872, the company insured the interest of the mortgagees under this mortgage in the premises, and in February 1873 renewed the first policy.  *Held*, that the above facts were enough to warrant a finding that the company knew of the mortgage when they renewed the first mortgage, and that the question of knowledge was for the jury,

3. In an action on this policy, the *narr.* averred a waiver of the condition requiring notice in thirty days; the defendant went to trial on this *narr.*, and objected, on the ground of variance, to any evidence tending to show a waiver of this clause in any way except that provided in the policy, *i. e.*, by endorsement on the policy.  *Held*, that the general allegation of waiver in the *narr.* was sufficient to support proof of a waiver in any way.  *Held*, also, that if the defendant chose to go to trial on a *narr.* technically objectionable, it thereby waived the defect.

January 12th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county:* Of January Term 1876, No. 21.

These were actions of assumpsit upon two policies of insurance against fire.   The first was brought by J. C. Todd and M. Ritchey, upon a policy dated February 16th 1872, insuring them to the amount of $2500, on machinery, &c., contained in their mill at Paterson,

New Jersey, for one year from February 12th 1872. This policy was renewed for another year on February 13th 1873. The second action was on a policy dated October 3d 1872, insuring the same property to the extent of $1500, for one year, from October 18th 1872. The loss, if any, under this policy was "payable to J. C. Todd and P. Rafferty, mortgagees." This action was brought by Todd as surviving partner of Rafferty. The property was destroyed by fire on April 12th 1873.

The policies of insurance contained, among others, these provisions :—

"Sect. 2. * * * If the interest of the assured in the property, whether as owner or trustee, consignee, factor, mortgagee, lessee or otherwise, is not truly stated, or if any encumbrance exists on the insured property or any portion thereof, at the date of this policy, or if the title of the assured thereto be any other than the absolute, unconditional, entire, and sole ownership thereof, and the assured shall fail in any such case, or neglect to notify the secretary of this company thereof in writing, and have the same endorsed hereon, then, and in every such case, this company shall not be liable for loss or damage under this policy.

"Sect. 9. The assured shall forthwith give notice of any loss or damage claimed under this policy to the secretary of the company, and within thirty days from the date of the fire causing such alleged loss or damage, deliver at the office of the company in the city of Hannibal, Missouri, either in person, by his agent, or express, a particular account of such loss or damage, signed and sworn to by him or them, naming each article lost or damaged separately, &c.

"Sect. 12. * * * No agent or other person, excepting one of the general officers of this company (and then only by endorsement hereon, made and signed by said officer), is authorized to waive, change, alter or amend any condition or provision of this policy, or to obligate this company in any way, excepting as set forth in these printed conditions, and no act or omission on the part of any officer of this company shall be construed to operate as a waiver, unless so expressed in writing hereon. This policy is made and accepted subject to the above-expressed conditions," &c.

The declarations, as amended, set forth fully the contents of the two policies and contained an averment of a waiver by the company of the ninth condition of the policies, as given above. Pleas, non-assumpsit.

At the trial it appeared that notice of the fire had been given soon after its occurrence, but that proofs of loss were not sent to the company till after the expiration of more than thirty days after the fire ; and that there had been a mortgage on the property from 1867 up to the time of the trial. The counsel for the

2 Norris—18

plaintiffs offered to show by a witness, Berne, that at a meeting held at New York, two days after the fire, between the agents of the various companies who had insured the mill, one Wallace was appointed to adjust the loss; that after Wallace had completed the adjustment, Todd had requested Wallace to make out his proofs of loss for him, which Wallace promised to do; that about April 24th, Strong, the secretary of the defendant company, visited the place of the fire and had estimates made of the damage, which were only about one-half of the estimates of the appraisers, and then had desired another meeting of the agents of the different companies, sending word meantime to Wallace not to make out the proofs of loss for the plaintiffs; that, at the meeting held April 26th, a committee was appointed, of which Strong was a member, to offer the plaintiffs a settlement on the basis of the estimate obtained by Strong, and it was decided, if the plaintiffs were not willing to accept this offer, that the companies would contribute to rebuild the premises; that Strong was suddenly called away from New York, and before leaving there he instructed the rest of the committee to act for him, and especially directed the witness, who was also a member of the committee, to look after the interest of the State Insurance Company and to make the committee's offer for that company; that the witness called on Todd on May 5th and offered to settle on Strong's estimate, and upon Todd's refusal of this offer, notified Todd that the companies would rebuild; that it was then decided by the companies to contribute and deposit seventy per cent. of their policies for that purpose; that this was made known to Strong, who agreed to it for his company; and, finally, that this amount was not deposited.

The defendants' counsel objected to this offer on the ground that as the proofs of loss were not sent to the company within thirty days from the fire the policies were void; that, by the terms of the policies, the terms of the contract could only be waived by a general officer of the company by endorsement on the policies, and the plaintiffs accepted the policies subject to this condition; that the policies showed no such endorsement, and therefore, evidence tending to show a waiver of the condition of the ninth proviso was not admissible under the terms of the contract. The court overruled the objection and admitted the evidence under exception. Evidence was then given in accordance with the offer.

The defendant subsequently objected to evidence being given which tended to prove a waiver of the twelfth condition of the policies, on the ground that such evidence was a variance from the declaration, which did not aver any waiver of the conditions imposed by that clause. This objection was likewise overruled, under exception.

For the defendant, Strong testified that he had never agreed to waive any of the conditions of the policies, and had never done so.

Apart from the fact that the loss arising under the second policy was therein made payable to the mortgagees of the property insured,

there was no evidence tending to show that the company knew of the existence of the mortgage.

The learned judge (Thayer, P. J.), after stating at length the facts, charged, in part, as follows:—

["Now, a waiver of an agreement or of a condition, such as this is, may either be by word of mouth, or it may arise out of such acts and conduct of the party as would naturally and properly give rise to an inference that he intends to waive the agreement or condition. A waiver takes place where a man dispenses with the performance of something which he has a right to exact. A man may do that not only by saying that he dispenses with it, that he excuses the performance, or he may do it as effectually by conduct which naturally and justly leads the other party to believe that he dispenses with it.] * * *

["Now, if you think that delay was caused by an assurance given by the company that they could not pay the loss in money, but that they intended to rebuild, and that there is anything in that transaction which would justify you in finding that they had excused the performance of this condition, you will, as I said before, be at liberty or not to draw that inference, according as you shall think the evidence on that subject justifies you in so doing it or not.]

["The whole question of waiver I leave to you to determine as a question of fact. If you find that the conduct of the defendants did operate as a waiver of the performance of this condition, or that the unwarrantable interference of their officers and agents (Mr. Strong and the committee) misled the plaintiffs, and that that was the cause of the delay, then, as I said before, the plaintiffs will be exonerated for the delay which occurred; otherwise not."]

As to the effect of the existence of the mortgage on the policies, the court charged:—

["As to the other policy, the situation is different, because that policy was renewed after the companies defendant had insured the mortgagees' interest, so that it is perfectly plain that when they renewed this policy they knew of the outstanding mortgage, for they insured the interest of the mortgagees; and of course, when they had insured the interest of the mortgagees, they must have known of the existence of the mortgage. That seems to me to be a very good waiver of non-performance of the condition, so far as regards that policy.] But with regard to the other, I am bound to tell you that I see no evidence in the case which would justify you in finding that the plaintiffs had performed the condition upon which the policy was dependent."

The court refused to charge, as requested, that the plaintiffs could not recover, by reason of this breach of the conditions of the policies given above.

The defendants' 8th point was:—

The defendants have not waived any of the conditions of any of the provisos by their conduct.

Answer : " I decline so to instruct the jury. It is a question of fact for them to decide."

The defendants' 9th point was :—

That no authority to waive any of the conditions of any of the provisos of the policies have been shown to have existed in the secretary.

Answer : " With regard to the secretary's authority, there is no proof in the case of any *express* authority given to Mr. Strong to make a waiver. Nevertheless, if you should be of the opinion that Mr. Strong's conduct and directions—he being a general officer, the secretary of the company—proved a waiver, you may, if you see proper to do so, find his authority from the office which he held. If the secretary of an insurance company ordinarily has such authority, if he assumes to exercise powers which such officers ordinarily possess, then people who deal with him upon the footing that he possesses that authority, are to be protected. In other words, if what he did fell within the scope of the general authority which is committed to such officers, the company is bound by his act. If it was beyond the scope of the authority which such an officer usually possesses, then the company is not bound by what he did or said."

The charge concluded in these words :—

" I have said all that I consider my duty renders it necessary for me to say to you on the questions of law in this case. The facts are entirely for you, and the verdict which is to be rendered will be upon your own responsibility, not upon mine."

There was a verdict for the plaintiffs in both cases. After judgment, the defendants brought this writ of error, assigning for error, among other things, the admission of the plaintiffs' offer of testimony of the witness Berne, and of the admission of evidence tending to show a waiver of the twelfth condition of the policies ; also the answers to the defendants' points, and the parts of the charge enclosed above in brackets.

*A. S. Biddle* (with him *N. D. Miller*), for the plaintiffs in error. —There was a variance from the declaration in those portions of the testimony tending to show a waiver of the twelfth condition. The declaration averred only a waiver of the ninth condition, and upon this averment the plaintiffs could prove a waiver of that condition only in the method provided in the twelfth condition of the policies, that is, by a written endorsement, signed by a general officer. That was the only kind of waiver which the defendant, under the pleadings, was bound to meet. But the court below admitted evidence tending to prove a waiver of the twelfth condition. It is not argued that this condition could not have been waived,

[State Ins. Co. of Missouri v. Todd.]

but there was no averment of its waiver, and the evidence of it was inadmissible: Diehl v. Adams County Ins. Co., 8 P. F. Smith 445.

The terms of the contract between the parties expressly limited the power of the company's agent to waive any part of the contract, and the plaintiffs would be bound by this limitation. The agent's waiver would only be binding on the company so far as it was authorized: Delafield v. State of Illinois, 26 Wend. 221; Baring v. Peirce, 5 W. & S. 548; Hackney v. Alleg. Mut. Ins. Co., 4 Barr 185; Mitchell v. Lycoming Mut. Ins. Co., 1 P. F. Smith 402; Loehner v. Home Mut. Ins. Co., 17 Mo. 248; Brewer v. Chelsea Ins. Co., 14 Gray 203.

The distinction sometimes drawn between mutual and stock companies does not affect this case, because the conditions were on the face of the policy and were thus brought home to the insured: Dawes v. North River Ins. Co., 6 Cow. 462; Mound City Ins. Co. v. Curran, 42 Mo. 374.

As to the waiver of notice of the mortgage on the property: notice to an agent would not, per se, be notice to the company, and even if the endorsement on the second policy, that the loss under it was payable to mortgagees, was notice to the company of the mortgage quoad that policy, it would not be notice relatively to the other policy, which was a separate transaction: N. Y. Central Ins. Co. v. Nat. Protection Ins. Co., 20 Barb. 468; Custar v. Titusville G. & W. Co., 13 P. F. Smith 306; Vose v. Eagle Ins. Co., 6 Cush. 42; Houseman v. Girard Build. Asso., 2 Weekly Notes 573.

C. W. Katz, for the defendants in error.—The case was tried as if the narr. had contained an averment of a waiver of the twelfth condition, and the omission is amendable: Waite v. Palmer, 28 P. F. Smith 192.

A limitation in a policy may be waived (Coursin v. Ins. Co., 10 Wright 320), by implication from the acts of the company: Diehl v. Ins. Co., 8 P. F. Smith 444.

Conditions that certain acts avoid the policy unless permission to do them is endorsed, may be waived: Eureka Ins. Co. v. Robinson, 6 P. F. Smith 268; Horwitz v. Eq. Ins. Co., 40 Mo. 557; People's Ins. Co. v. Spencer, 3 P. F. Smith 353.

Corporations can act only through their officers, and are bound by their acts; Strong might have waived notice of the mortgage by endorsement, under the very terms of the policy, and if he waived it by his acts the company is bound: Parker v. Arctic Ins. Co., 59 N. Y. 1; West Chester Ins. Co. v. Earle, 33 Mich. 143; Blake v. Exchange Mut. Ins. Co., 12 Gray 271; Pitney v. Glens Falls Ins. Co., 61 Barb. 345.

The facts tending to show a waiver are for the jury: Lycoming County Ins. Co. v. Schollenberger, 8 Wright 259.

There was evidence enough here to warrant a finding of a waiver:

Dohn *v.* Ins. Co., 5 Lans. 275; Greenfield *v.* Ins. Co., 47 N. Y. 430; Bersche *v.* St. Louis Ins. Co., 31 Mo. 555; Von Bories *v.* Ins. Co., 8 Bush (Ky.) 133; Viele *v.* Germania Ins. Co., 26 Iowa 9; Miner *v.* Ins. Co., 27 Wis. 693.

Notice to the agent is notice to the company: People's Ins. Co. *v.* Spencer, 3 P. F. Smith 353; Rowley *v.* Ins. Co., 40 N. Y. 557.

Mr. Justice GORDON delivered the opinion of the court, February 5th 1877.

The defence, in the court below, was rested on two grounds: 1. That the plaintiffs had not complied with that condition in the policy which requires a detailed statement of loss to be delivered at the office of the company, within thirty days after the happening of such loss. 2. That the policy was avoided by non-compliance with the stipulation, therein contained, requiring a disclosure, at the time of the acceptance of the risk, of any encumbrances which might exist against the insured premises. Neither of these conditions were complied with, nor was there a waiver of either endorsed upon the policy, as required by that instrument; hence, primâ facie, the defence, on both points, was made out. But the court was of the opinion that the evidence exhibited by the plaintiffs of a parol waiver was such as warranted the submission thereof to the jury. In this opinion we concur; for, as to the first condition, the testimony warranted the belief that a detailed statement of loss was not required. Immediately after the fire, the defendant, with other interested companies, appointed appraisers to examine the premises and adjust the loss, who went upon the ground, made the requisite examination, and made report to the committee of the companies. The secretary of the defendant company, not being satisfied with this report, had a re-examination made under his own supervision; and the amount of loss arrived at by this second examination was proposed to the plaintiffs as a basis of settlement. This they refused; and then it was that they were informed that the companies would take the matter into their own hands, rebuild the factory and replace the machinery. More than this, the testimony fully justified the conclusion that the delay in furnishing the required statement was brought about by the unwarranted interference, by the secretary of the defendant company, with Wallace, whom the plaintiffs had employed to make the necessary examinations and draw up the papers, in advising him to proceed no further in the matter, as the companies had objected to the adjustment, and that it would be better for him to wait before making out the proofs of loss. One of two conclusions results from this testimony: either it was intended to waive proofs of loss within the required time, or, if not this, then the object was to occasion such delay as would necessarily cause the proofs of loss to reach the office of the company after the expiration of the thirty days. As the latter conclu-

[State Ins. Co. of Missouri v. Todd.]

sion presents the presumption of gross fraud, it is better to assume the former as the correct one. This evidence certainly makes out a waiver quite as clearly as that found in the case of the Inland Insurance Company v. Stauffer, 9 Casey 397. But in the opinion in that case, delivered by STRONG, J., it is held that it is competent for insurers to waive performance of a formal condition introduced into a policy solely for their own benefit. Also, that such waiver need not be express, but may be inferred from the acts of the insurers, evidencing a recognition of their liability, or even from their denial of obligation exclusively for other reasons, citing Heath v. Ins. Co., 1 Cush. 257; Clark v. Ins. Co., 6 Id. 342; Francis v. Ins. Co., 1 Dutch. (N. J.) 78. This same doctrine may be found in Buckley v. Garrett, 11 Wright 204, and in Ins. Co. v. Taylor, 23 P. F. Smith 343. There is, therefore, no lack of authority in support of the ruling of the learned judge of the court below on this point.

Having thus disposed of the first ground of defence, let us turn our attention to the second. In the case of The Peoples' Insurance Co. v. Spencer, 3 P. F. Smith. 353, the policy contained the usual clause that, "if the risk shall be increased by any means whatever, within the control of the insured, during the continuance of the insurance, *and notice thereof be not given to the company, and such increased risk be allowed and endorsed thereon*, the policy shall be of no force," &c. The property underwritten was barley in the "malthouse and brewery" of the assured; the fact was that the business of distilling was carried on in the same building, which largely increased the risk; it was held, however, that though ordinarily this, without notice to the company, would be fatal to the plaintiffs' claim, yet if the insurance was made with knowledge, by the agent who negotiated the contract, that distilling *was to be* carried on in the premises, the condition, as to notice and endorsement, did not apply, and the company had no ground to allege an increase of risk. So in the case of the Eureka Insurance Co. v. Robinson, 6 P. F. Smith 256, where the policy contained a prohibition of other insurance without notice to the company, and where there was a violation thereof of which the company afterwards had knowledge and yet continued to treat the policy as of force, it was held, that it could not, afterwards, be permitted to set up such breach to defeat the contract. "It was not," says STRONG, J., "that knowledge was equivalent to notice, but that knowledge, followed by acts that amounted to a subsequent recognition of the contract as still in force, dispensed with the necessity of proving notice." It is obvious that the above cases govern the one now in hand; for observe how this matter is presented. The property (machinery, utensils, &c., in a mill or factory) was first insured by a policy, dated 16th of February 1872, and expiring February 12th 1873. At the time of this insurance there was a mortgage on the premises in favor of Todd & Rafferty, the existence of which does not appear

[State Ins. Co. of Missouri *v.* Todd.]

to have been communicated to the company or .its agent. This condition of affairs, without more, would be fatal to the claim of the plaintiffs. But subsequently a policy was issued to the same parties upon the same premises, running one year from the 18th of October 1872; payable, in case of loss, to Todd & Rafferty, mortgagees. When, therefore, this company, on the 13th of February 1873, renewed the policy now in suit, there was evidence, if not conclusive, yet sufficient to warrant the jury in finding that the defendant had knowledge of the outstanding mortgage. It is urged, however, that the judge, in his charge, spoke of this evidence as though it conclusively proved knowledge and, hence, did not properly submit it to the jury. We do not think such to be the case, for though the judge speaks in a very positive manner of the effect of this testimony, yet he finishes his charge by saying, " the facts are entirely for you, and the verdict which is to be rendered will be upon your responsibility, not mine." It is not probable that the jury, under such language as this, did not understand that they were to pass, not upon some of the facts only, but all that were involved in the case.

The exception taken to the evidence because of its alleged variance from the declaration, cannot be sustained. A general allegation, such as that found in the *narr.*, is sufficient to support proof of waiver however it might occur, whether according to the terms of the policy or otherwise, and if the defendant, without demurrer, chose to go to trial upon a declaration, embracing terms technically objectionable or too broad for accurate pleading, it thereby waived the defect and its complaint cannot now be heard.

Judgment affirmed.