169    639|
31 SC  465|

|169    639|
|f39SC²402|

# Cora E. Mix, *v.* Royal Insurance Co. of Liverpool, Appellant.

*Insurance—Fire insurance—Waiver.*

Although a policy of insurance contains a stipulation that nothing less than a written agreement indorsed on the policy will suffice to establish a waiver, yet it is admissible to show by parol testimony a waiver by acts in pais: McFarland v. The Ins. Co., 134 Pa. 590; Gould v. Ins. Co., 134 Pa. 570.

Where two witnesses swear positively to the declarations of an insurance agent to the assured that it was not necessary to make out proofs of loss, there is sufficient evidence of waiver to submit to the jury, although the testimony of the two witnesses is contradicted by the agent.

*Deed—Spoliation of deed—Reformation—Evidence.*

Where words are added to a deed after execution and delivery, the parties to the deed, or either of them, may prove the fact of spoliation without their knowledge or consent, and if the evidence is sufficient to establish the fact, the deed is the same as if the spoliation had never been created.

In an action upon a policy of fire insurance brought by a married woman, the insurance company claimed that plaintiff did not own the property in her own right, but held it in trust for her husband. The plaintiff and two witnesses testified that after the deed to plaintiff had been executed and delivered, the words "in trust for Warren Mix" were added without the knowledge or consent of grantor or grantee. Warren Mix was plaintiff's husband, and was dead at the time of the trial. *Held,* that the evidence as to the spoliation of the deed was ample to submit to the jury. *Held, also,* that plaintiff was a competent witness, as her husband had no interest whatever in the policy sued upon.

Argued May 8, 1895. Appeal, No. 213, Jan. T., 1895, by defendant, from judgment of C. P. Elk Co., on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Assumpsit on policy of fire insurance. Before MAYER, P. J.

At the trial it appeared that the policy sued upon was issued to plaintiff, Cora E. Mix. Plaintiff put in evidence a deed, showing a conveyance of the property insured to "Cora E. Mix, in trust for Warren Mix." At the close of plaintiff's case defendant moved for a nonsuit because the deed offered by plaintiff showed that she was simply a trustee for the property. The court overruled the motion, and permitted the plaintiff

and two other witnesses whom she called to testify that the words " in trust for Warren Mix " were added after the deed had been executed and delivered, and that neither grantor nor grantee had any knowledge of them, and never consented to their insertion. The offer under which this evidence was admitted was as follows :

" The plaintiff offers to prove that the words ' in trust for Warren Mix ' were inserted in the deed from Mary B. Wainwright to Cora E. Mix, dated March 11, 1893, which has been offered in evidence, after execution and delivery thereof and without the knowledge of the grantor or grantee ; and that at the time said deed was delivered Cora E. Mix made and delivered to Warren Mix her judgment note for all her indebtedness to him, amounting to two thousand dollars, and that in truth and in fact the land was not held in trust for Warren Mix, but owned absolutely by Cora E. Mix, and that neither the grantor nor the grantee knew of the interpolation of the said words in the deed until to-day."

Objected to.

1st. As incompetent and irrelevant.

2d. As not being rebuttal.

3d. Plaintiff having offered in evidence the deed referred to as her title to the premises, should not be permitted to contradict or vary its express terms in this proceeding, and after the death of the cestui que trust.

By the Court : " Evidence admitted and bill sealed for defendant." [5]

Cora E. Mix recalled and examined in her own behalf.

Mr. Hall : " Defendant's counsel objects to the testimony of this witness, she being the wife of Warren Mix, as an incompetent witness, he being dead, under the act of assembly of 1869 and 1887."

By the Court : " Objection overruled, evidence admitted and bill sealed for defendant." [6]

It appeared that no formal proofs of loss had been made, but two witnesses testified that the company's agent had stated to Mrs. Mix that it was not necessary to make out proofs of loss. The agent denied that he made any such statement.

Defendant's points, among others, were as follows :

" 2. One of the conditions of the policy requires formal proofs of loss in a prescribed form to be furnished by the assured within sixty days after the fire, and it being stipulated in said policy that 'no officer, agent or other representative of this company shall have the power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed thereon or added thereto and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached thereto,' and there being no evidence of proofs of loss having been furnished as stipulated and no waiver thereof in writing, the plaintiff cannot recover, and the verdict must be for the defendant. *Answer:* Under the evidence in the case this point is refused." [9]

" 3. Under the conditions of this policy the adjuster had no power to waive proofs of loss, and even if the jury believe that the adjuster did make the statement testified to by the plaintiff and one other witness, such statement does not amount to a waiver under this policy. *Answer:* We say to you that under the evidence in the case we think Mr. Taylor was more than a mere adjuster. He was sent there and specially authorized by this company to make a settlement of the loss and constituted their special agent by the terms of the letter which has been offered in evidence by the plaintiff." [10]

" 4. The deed offered in evidence by the plaintiff, showing that the buildings destroyed were deeded to plaintiff in trust for Warren Mix, she cannot sustain an action on this policy which is in her own name, and the verdict must be for the defendant. *Answer:* Refused." [1]

" 5. If the court refuses to charge as requested in the fourth point, then the court is requested to charge that under the deed offered by plaintiff, there can be no recovery on this policy for any of the buildings destroyed by fire and claimed for in this action. *Answer:* Whether or not she is entitled to recover under this deed will depend upon the view taken of the evidence offered by the plaintiff for the purpose of reforming this deed. If the jury believe the testimony of the witnesses who have been called by the plaintiff to explain the manner in which the words 'in trust for Warren Mix' were inserted in the deed

then we say to you the plaintiff is entitled to recover and would have sufficient title upon which she could recover upon this policy." [2]

" 6. The testimony offered in rebuttal by plaintiff to the effect that the words 'in trust for Warren Mix' appearing in the deed offered in evidence by plaintiff and in the record thereof is wholly insufficient to reform the said deed and to vary the express terms thereof. *Answer :* This point is refused. We have referred the testimony to the jury and if they believe that testimony we think it is sufficient to reform the deed for the purposes of this suit." [3]

" 7. This action being based upon a policy of insurance issued in the name of Cora E. Mix in her own right, and the plaintiff having offered as part of her case in chief and as evidence of her title, a deed to her 'in trust for Warren Mix,' it is incompetent for the plaintiff to reform or change this deed in this action so as to correspond with the title set out in the policy of insurance. *Answer :* This point is refused." [4]

The court charged in part as follows :

" [Taylor says that he refused to make a settlement of the loss at that time and gave as a reason that he had some misgivings as to the origin of the fire, and was not satisfied as to how the fire originated, and in consequence of that refused to settle the loss or make any adjustment of it at that time.] [7]

" Although this policy has this written stipulation in it, that the insured shall within sixty days after the fire render a statement to the company of the loss, yet this stipulation may be waived by the company by the acts and conduct of the company, or its authorized agent; and if the jury believe from the testimony in this case, that Taylor did in truth and in fact state to Mrs. Mix, after he examined the premises, that it was not necessary for her to make out proofs of her loss, then we say to you that that would be a waiver of this requirement of the policy as to making out the proofs of loss within sixty days after the fire occurred.

" [Or if you believe from the testimony of Mr. Taylor himself, that he refused to adjust or make a settlement of this loss on the ground that he had some questions in his mind as to how this fire originated, then we say to you that it was a waiver on the part of the company of this condition in the policy re

quiring the assured to give sixty days' notice of the statement of her loss.] " [8]

Verdict and judgment for plaintiff for $1,980.48. Defendant appealed.

*Errors assigned* were (1–4, 7–10) above instructions, quoting them; (5, 6)rulings on evidence, quoting the bill of exceptions.

*C. H. Bergner, McCauley & Ames* and *Thomas H. Murray* with him, for appellant.—Evidence was inadmissible to reform the deed, and what was offered was insufficient: Cadell v. Allen, 99 North Carolina, 542; Juniata Building Assn. v. Hetzel, 103 Pa. 507; Lycoming Ins. Co. v. Sailer, 67 Pa. 108; Swan v. Watertown Ins. Co. of Pa., 96 Pa. 37; Jackson v. Payne, 114 Pa. 67.

There was no evidence of waiver: German American Ins. Co. v. Hocking, 115 Pa. 398; Ins. Co. v. Brown, 128 Pa. 386; Welsh v. London Ins. Co., 151 Pa. 607.

The clause that the interest of the insured must be truly stated is binding in Pennsylvania: Diffenbaugh v. Ins. Co., 150 Pa. 270.

*Harry Alvan Hall*, for appellee.—If the equitable interest in an estate is in the insured, the fact that the legal title is in another does not amount to a misstatement of his interest or violate a policy which provides that it shall be void if the assured is not the entire unconditional and sole owner for his own use and benefit: American Basket Co. v. Farmerville Ins. Co., 3 Hughes, U. S. C. C. 251; Ins. Co. v. Fogelman, 35 Mich. 48; Cal. Ins. Co. v. Union Compress Co., 123 U. S. 387; Ins. Co. v. Engle, 52 Md. 468; Pittsburg Ins. Co. v. Frazee, 107 Pa. 521; Phœnix Ins. Co. v. Fulton, 80 Ga. 224; Williams v. Buffalo German Ins. Co., 17 Fed. Rep. 63; Bellatby v. Thomaston Ins. Co., 61 Me. 414; Franklin Ins. Co. v. Coates, 14 Md. 285; Mutual Ins. Co. v. Deale, 18 Md. 26; Columbia Ins. Co. v. Lawrence, 10 Peters, 507.

A plea of misrepresentation must also aver an increase of hazard, and that the fact would have increased the premium or prevented the insurance: Ins. Co. v. Chase, 5 Wall. 509; Lu-

cena v. Crawford, 3 Bosanquet & Puller, 75; Kentucky Ins.
Co. v. Southard, 8 B. Monroe (Ky.) 641; Tubbs v. Ins. Co.,
84 Mich. 646; Mosly v. Ins. Co., 55 Vt. 142; Roth v. City
Ins. Co., 6 McLean, 324.

It is competent for insurers to waive performance of a formal
condition introduced into policy solely for their own benefit:
Ins. Co. v. Todd, 83 Pa. 272; Francis v. Ins. Co., 1 Dutch.
(N. J.) 78; Buckley v. Garrett, 47 Pa. 204; Ins. Co. v. Tay-
lor, 73 Pa. 342; Bonnert v. Ins. Co., 129 Pa. 558; Ins. Co. v.
Cochran, 88 Pa. 230; Ins. Co. v. Moyer, 97 Pa. 441; Snowden
v. Ins. Co., 122 Pa. 502; Ins. Co. v. Dougherty, 102 Pa. 568;
Thierolf v. Ins. Co., 110 Pa. 37; Ins. Co. v. Erb, 112 Pa. 149;
Roe v. Ins. Co., 149 Pa. 94; Welsh v. London A. C., 151 Pa.
607; Fritz v. Ins. Co., 154 Pa. 384.

Notwithstanding a stipulation in a policy of insurance that
nothing less than an express agreement indorsed thereon shall
be construed as a waiver of any of its conditions, parol testi-
mony is admissible to show a waiver by acts in pais of the in-
surance company: McFarland v. Ins. Co., 134 Pa. 590; Gould
v. Ins. Co., 134 Pa. 570; Elkins v. Ins. Co., 113 Pa. 386; Wach-
ter v. Assur. Co., 132 Pa. 428; Ins. Co. v. McCrea, 41 Am. R.,
652; N. W. Iron Co. v. Ins. Co., 26 Wis. 78; Warren v. Ins.
Co., 16 Wis. 439; Pechner v. Ins. Co., 65 N. Y. 195; Ins. Co.
v. Wilkinson, 13 Wall. 222; Ins. Co. v. Norton, 96 U. S. 234;
Ins. Co. v. Slockbower, 26 Pa. 199; Wood on Ins. 496, 497.

OPINION BY MR. JUSTICE GREEN, July 18, 1895:

The first five assignments raise practically but one question,
and that is, the effect of the words, "in trust for Warren Mix,"
in the plaintiff's deed, upon her right to recover on the policy
in suit. It was alleged and proved by the plaintiff by the tes-
timony of two witnesses, other than herself, that these words
were not in the deed when it was executed and delivered.
One of the witnesses was the grantor in the deed and the
other the scrivener who wrote it. The question raised by the
proof was not a question of reformation of the deed, it was
simply a question of spoliation. Of course the parties to a
deed or either of them may prove the fact of spoliation with-
out their knowledge or consent, and if the evidence is suffi-
cient to establish the fact, the deed is the same as if the

spoliation had never been committed. The proof of spoliation in this case is ample without considering the testimony of the plaintiff. It would have been error to withhold it from the jury or to depreciate its sufficiency by comparing it with the kind of testimony which is required in the cases where attempts are made to reform and change written instruments by parol testimony.

There is no merit in the sixth assignment. The title to the real estate was not at issue in this case. No judgment that could be rendered would in any manner affect the right of persons claiming title in Warren Mix. It was an action to recover money due upon a policy of fire insurance made with Cora Mix, not with her husband. He had no interest in it. If she recovers the money is hers, if she fails it is not his. He could get nothing in any event. She was clearly a competent witness.

On the question of waiver the proof was ample. Two witnesses swore positively to the declarations of the agent that it was not necessary to make out proofs of loss. It is true he denies using the language attributed to him, but that raises only a question of the credibility of the witnesses, which is exclusively for the jury. He was the adjuster of the plaintiff and was sent as a special agent to adjust this loss and effect a settlement of the claim. He was therefore clothed with the full powers of the company for that purpose. He refused to settle because he had doubts as to the cause of the fire. This was a refusal at the time to pay anything.

On the question of waiver of the proofs of loss, it has been so many times decided that, although a policy of insurance contains a stipulation, that nothing less than a written agreement indorsed on the policy will suffice to establish a waiver, yet it is admissible to show by parol testimony a waiver by acts in pais, that it is scarcely necessary to refer to the authorities. They have been collected in McFarland v. The Ins. Co., 134 Pa. 590, and Gould v. Ins. Co., 134 Pa. 570. In the case of State Ins. Co. v. Todd, 83 Pa. 272, GORDON, J., referring to the case of Ins. Co. v. Stauffer, 9 Cas. 397, said, " But in the opinion in that case, delivered by STRONG, J., it is held that it is competent for insurers to waive performance of a formal condition introduced into a policy solely for their own benefit. Also that such waiver need

not be express, but may be inferred from the acts of the insurers, evidencing a recognition of their liability, or even from their denial of obligation exclusively for other reasons." In this case as in the present the contention was that the defendant company was not liable because the proofs of loss were not furnished within the designated time, and we held the condition was waived on account of the interference of the secretary of the company with the adjustment.

In the present case the testimony of two witnesses is direct and positive that the special agent sent to adjust the claim expressly told the plaintiff and her husband that it was not necessary to make out the proofs of loss and swear to them and send them in. This was shortly after the fire and after plaintiff had notified the company of the loss. It is true the special agent denied this but there were two witnesses against one, and one of them was entirely disinterested; and, in any event, the testimony raised only a question of credibility which was exclusively for the jury, and the jury gave credence to the plaintiff's witnesses.

The testimony of Taylor sustains the comments of the court complained of in the seventh and eighth assignments, and we do not think there was any error in the answers of the court to the second and third points of the defendant as expressed in the ninth and tenth assignments.

Judgment affirmed.