# Schondorf v. Griffith.

*Malicious prosecution—Proof of malice and probable cause essential.*

Malice and want of probable cause must be proved in order to entitle a plaintiff to recover damage for a malicious prosecution. These are essential and must coexist.

*Evidence—Test of probable cause—Reasonable belief.*

The question whether or not there was probable cause does not depend on the actual state of the case in point of fact. The test is the prosecutor's belief of its existence, based, however, upon reasonable grounds.

*Charge of court—Detached portions.*

Reversible error will not be inferred from detached portions of the charge which do not convey the court's meaning as gathered from the whole charge.

*Evidence—Malicious prosecution—Probable cause.*

Where plaintiff in a suit for malicious prosecution had been charged with larceny of a specific amount received on a specific lease, testimony as to what was done as to other leases made by plaintiff as agent for defendant was irrelevant and therefore properly rejected.

*Appeal—Defective assignment.*

An assignment of error to the rulings on evidence is defective when not based upon an exception.

Argued April 30, 1900.   Appeal, No. 170, April T., 1900, by defendant in a suit of B. Schondorf against W. A. Griffith and the C. F. Adams Company, from judgment of C. P. No. 1, Allegheny Co., June T., 1898, No. 117, on verdict for plaintiff Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Opinion by BEAVER, J.

Trespass for malicious prosecution.   Before SLAGLE, J.

It appears from the evidence that plaintiff was arrested for larceny as defendant's agent.   A true bill was found but he was acquitted when the case was called for trial in the quarter sessions.   There was evidence tending to show that certain moneys, with the theft of which he was charged, having been collected by him, had been paid over to one Cohen, an agent of the defendant; it appearing that the plaintiff had been employed to sell goods for defendant on the lease or instalment plan, but was not authorized to collect the money therefor, and that in the particular instance when the collector called to receive the money the customer produced a receipt for the same signed by plaintiff.

Defendant being on the stand objection was made to defendant's testimony as follows:

[When I, Griffith, got this receipt from Kiskadden I concluded that probably this had occurred on most of these things.

Objected to.

The court: Don't tell us that.] [2]

Defendant's witness, Kiskadden, being on the stand, the following ruling on evidence was made:

[Did you look for other leases of Schondorf?

Objected to as incompetent and irrelevant.

The court: Objection sustained.] [3]

Defendant submitted the following point:

[If the jury believe that Cohen did not report to Griffith before Griffith made the information, that he, Cohen, had received the $5.00 from Schondorf, then Griffith had reasonable or probable cause to make the information and the verdict should be for the defendants.   *Answer:* This is refused; although the fact is an important matter, as I have indicated in my general charge to you, it is not the only matter in the case for consideration.] [1]

The court charged the jury in part as follows:

[And even if Schondorf had received it without authority and given it over to the agent Cohen to deliver to Griffith or to the other proper person in the company to receive it, there could be no reasonable grounds for believing he was guilty of larceny; he would not be guilty of larceny in that case. He would be guilty of a mistake and he would be still liable for the money, but he would not be guilty of larceny.] [4] . . . .

[These two men are testifying in conflict as to the main point, but the question is, what was the probability? Was he authorized or did Schondorf believe he was authorized to receive this money? If he got it without authority and kept it and intended to keep it, it would be larceny. If, however, he had authority or thought he had authority and intended to pay it over, it would not have been larceny.] [5] . . . .

There is another matter that was brought out in the case, to which I have not referred because I did not think it was of very material consequence. That is the fact that assuming that the defendant, Griffith, was not informed of the payment of this money to Cohen, that he did not authorize the receiving of it and was not aware of the payment to Cohen until after the information was made, that he ought then to have stopped this prosecution. As stated by counsel he had no right to stop it, he could not on his own motion discontinue this proceeding, but if he had knowledge of the payment of the money to Cohen, and especially if he authorized Schondorf to receive the money, these facts not being brought out by the prosecutor in the hearing before the magistrate and in the hearing before the grand jury would be something that you would have a right to consider as evidence of malice, and the question whether, after being told that, if he believed Cohen, he ought not to have taken measures to stop this prosecution would be a matter for careful consideration. If he did not believe Cohen of course he had a right to go on and prosecute the proceedings to an end, and if he had probable cause before the information was made and at the time the information was made and received information afterwards that he did not rely on, of course he was not bound to act.] · [6]

Verdict and judgment for plaintiff for $800.    Defendant appealed.

580, (1900).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were (1) in refusing to affirm defendants' point, reciting same. (2, 3) Rulings on evidence, reciting same. (4–6) To portions of the judge's charge, reciting same.

*L. M. Allen*, with him *Rody P. Marshall*, for appellants.

*F. C. McGirr*, for appellee.

OPINION BY BEAVER, J., May 24, 1900:

The general principles which govern in actions for malicious prosecution have been so often laid down by this court (Ruffner v. Hooks, 2 Pa. Superior Ct. 278; Auer v. Mauser, 6 Pa. Superior Ct. 618; Fry v. Wolf, 8 Pa. Superior Ct. 468) that it is unnecessary to restate them here. There is no serious allegation that the court below departed from them in any essential particular. The assignments of error relate exclusively to minor details in the trial and charge which may be best disposed of by a brief reference to each seriatim.

If Cohen's testimony as to the receipt from plaintiff and the information of its receipt to defendant, of the money admittedly received by plaintiff, had been the only evidence in the case tending to negative " probable cause," the defendants' point would have been proper and entitled to affirmation. The court admitting its importance, said it was not the only matter for consideration, and in this said truly. If plaintiffs' testimony was believed, defendant knew of his manner of employment and that he had difficulty in getting time for other business, and if further, as plaintiff testified, he had been authorized to collect the money, with the larceny of which he was charged, some inquiry at least should have been made before such a serious charge as larceny was preferred. There was evidence, independent of that of Cohen, which was proper for the consideration of the jury as to the fundamental question of probable cause.

The second assignment is not based upon an exception and, if it had been, could not have been sustained. Defendant was properly restrained from stating his conclusions.

The testimony as to what was done in regard to other leases made by plaintiff was properly rejected. It was not relevant to the issue in any way. Plaintiff had been charged with the

larceny of a specific amount received on a particular lease.    The third assignment is overruled.

It is true that in the parts of the charge embraced in the fourth and fifth assignments, the trial judge gives the jury instructions as to what would and what would not constitute larceny, but this was in connection with the question of probable cause and was not, when read in connection with the context, in any sense improper.

There is nothing in the sixth assignment requiring comment. The portion of the charge referred to therein related to a minor phase of the case, but one upon which it was entirely proper to comment.    It was not in any sense controlling, and so far as it had any bearing upon the question of malice, helped rather than hurt the defendant's case.

Upon a consideration of the whole case, we can see nothing of which the defendants have any just right to complain.

Judgment affirmed.