# Brumbaugh *v.* Home Mutual Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Proofs of loss.*

In an action upon a fire policy proofs of loss furnished by the plaintiff to another fire insurance company, are not binding upon him as to the amount therein specified. If such proofs of loss are admitted, it is not error to permit the plaintiff to explain the manner in which such proofs of loss were made out.

*Insurance—Fire insurance—Additional insurance—Waiver.*

Where the president of a fire insurance company who is also its principal soliciting agent accepts an application and cash premium and issues a policy, with full knowledge that other insurance is in force upon the same property, he will be deemed to have waived for his company a provision of the policy that the company shall not be liable " if there is prior or subsequent insurance on the property, whether valid or invalid, without the written consent of the company indorsed hereon."

Argued Nov. 6, 1901. Appeal, No. 42, Oct. T., 1901, by defendant, from judgment of C. P. Huntingdon Co., Feb. T., 1900, No. 7, on verdict for plaintiff in case of John K. Brumbaugh v. Home Mutual Fire Insurance Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before BAILEY, P. J.

At the trial it appeared that on June 5, 1899, G. D. Sparr, president of the defendant company, accepted the application of John K. Brumbaugh, of Penn township, Huntingdon county, Pennsylvania, for insurance on his " tan bark," located at his tannery in Lincoln township, near Entriken, in said county, to the amount of $1,000, and June 12, 1899, the company issued its policy No. 2579 to said applicant, which was accepted by him. In

consideration for the insurance the applicant paid to the company a cash premium of $1.00, and also $1.25 as a policy fee. He never paid any assessments, as the fire occurred just one month from the date of his application. It was provided in the policy, inter alia, as follows:

" It is covenanted as a condition of this contract, that this company is not liable . . . . for loss or damage if the assured in the application for the insurance, made any false or erroneous representations, or withholds any facts materially affecting the risk, or any misrepresentation whatever; . . . . nor for loss or damage if there is prior or subsequent insurance on the property, whether valid or invalid, without the written consent of the company indorsed hereon."

When James S. Wood, Esq., was on the stand he was asked this question:

" Q. Mr. Bailey: Mr. Woods, when the fire occurred, did you receive a telephone message from Mr. Brumbaugh? A. Yes, sir. Q. What did he tell you his loss was ? "

Mr. Lovell: The question is objected to for the reason that the loss has since been submitted in writing, under oath, and cannot be contradicted by verbal testimony of the agent.

Mr. Bailey: We propose to follow this by proof of under what circumstances the special agent took advantage of Mr. Brambaugh, and made out this proof of loss.

The Court: Objection overruled. Testimony admitted. Bill of exceptions sealed for defendant. [1]

The witness: My recollection is that Mr. Brumbaugh told me his loss was $2,500; that is my recollection.

On cross-examination this witness said: I got that telephone message from Mr. Brumbaugh on the afternoon of July 6.

Plaintiff was asked this question:

" Q. Mr. Bailey: Mr. Brumbaugh, just relate to the jury how you happened to sign the proof of loss for the policy taken out in the German American Insurance Company?

Mr. Bailey: I propose to ask the witness how he made the affirmance on the proof of loss of the German American Insurance Company, for the purpose of showing the fraudulent acts on the part of the agent of the German American Insurance Company, that they attempted to take advantage of him, to explain why he made the declarations in the proof of loss, for

the purpose of showing that the agent had deceived him; that he told him that he had other insurance, told him all about this policy and also the extent of his loss, in conversation between him and the agent.

Mr. Lovell: Objected to because the proof of loss is in writing. and sworn to by the plaintiff in this case, and he has already testified that he is able to read and write, and this cannot be allowed to contradict or vary the written terms of the proof of loss.

The Court: We think that the plaintiff may explain to the jury the circumstances under which he made the proofs of loss to the German American Insurance Company; for that reason we sustain the offer, overrule the objection, and seal a bill of exceptions for the defendant. [2]

Defendant presented this point:

2. That, as the policy in suit contains the condition quoted in defendant's first point, therefore, if the evidence satisfies the jury that the plaintiff had other insurance on the same property, which he renewed after he obtained the policy in suit, without the written consent of defendant company to such insurance, and its renewal, indorsed on its policy, the plaintiff violated the above expressed condition of his contract and thereby released the defendant company from all liability for loss or damage thereunder, and the verdict should be for the defendant. *Answer:* Refused. We do not think the written consent of the company is necessary if it had notice of the other insurance prior to or at the time it issued this policy to the plaintiff. [4]

Verdict and judgment for plaintiff for $926.29. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions. (4) Above instruction, quoting it.

*John M. Snyder* and *K. Allen Lovell*, for appellant, cited; Susquehanna Mut. Fire Ins. Co. v. Swank, 102 Pa. 23; Reilly v. Daly, 159 Pa. 605; Ziegler v. McFarland, 147 Pa. 609; Clarke v. Allen, 132 Pa. 42; Bard v. Penn. Mut. Fire Ins. Co., 153 Pa. 257; Freedman v. Fire Assn., 168 Pa. 253.

*Thomas F. Bailey*, for appellee, cited: Wilson v. Mutual Fire

Ins. Co., 174 Pa. 554; Kalmutz v. Northern Mut. Ins. Co., 186 Pa. 571; McSparran v. Southern Mut. Ins. Co., 193 Pa. 184.

OPINION BY BEAVER, J., April 21, 1902:

1. Plaintiff brought his action to recover the amount of the defendant's policy of insurance. On the trial in the court below, the defendant proved by the witness, James S. Woods, Esq., that the plaintiff had made a proof of loss to another insurance company which had issued a policy, insuring the same property, fixing his entire loss at $925.86. Upon cross-examination, the plaintiff's attorney asked the witness whether or not the plaintiff had not telephoned him the day of the fire, fixing his loss at a much greater amount than that stated in the proofs of loss to the company which he represented. His reply was, "I don't know whether he said about $2,500, or over $2,500. He used the term, $2,500." The testimony was admitted under exception and the defendant assigns the admission of it for error. The cross-examination was an entirely proper one and the evidence competent and relevant. In these respects it was precisely what the defendant itself was offering. The plaintiff, as has been frequently held, was not bound by the amount fixed in his proofs of loss. This would have been so, if the proof of loss offered had been furnished to the present defendant. Much more is it true under the circumstances here. The proof of loss furnished the German American Insurance Company, represented by the witness, was simply one form of a declaration as to his loss. The fact that they differed did not render the latter incompetent. It was for the jury to say which was correct. The assignment is overruled.

2. As already intimated, the plaintiff was not bound as to the value of the property destroyed by the proof of loss furnished to the German American Insurance Company. Even if the statement as to his loss had been contained in the proofs furnished the defendant company, it would not have been conclusive. No proofs of loss were furnished in this case and it seems to have been conceded that the necessity for furnishing them was waived. The plaintiff explained, under exception, the manner in which the proofs of loss furnished the German American Insurance Company were made out. The explanation was competent and relevant "the truth and satisfactoriness

of which was for the jury to pass upon: " McSparran v. Southern Mut. Ins. Co., 193 Pa. 184.    We see nothing erroneous in the admission of the testimony complained of in the second assignment of error.

3. The application for the policy, upon which this suit was founded, was taken by C. D. Sparr, the president of the defendant company and also its principal soliciting agent, which fact is to be emphasized in this case.    He was not an ordinary agent but one of the executive officers of the company.    He was informed, as the plaintiff alleges, as to the existence of other insurance.    His recollection and that of the plaintiff as to what was said differ materially but the jury has determined the issue in favor of the plaintiff and we must assume that his version of what was said at the time the insurance was effected is the correct one.    Assuming this to be true, the defendant accepted the application and issued the policy, with the knowledge that other insurance was in force upon the same property.    This was a waiver of the clause in the policy which provides : " It is covenanted as a condition of this contract that this company is not liable . . . for loss or damage, if there is prior or subsequent insurance on the property, whether valid or invalid, without the written consent of the company indorsed hereon." There was no indorsement of previous insurance but the company, having accepted the application fee and the cash premium and having issued the policy with the knowledge of the existence of other insurance must be taken to have waived the condition in the policy in regard thereto.    In Kalmutz v. Northern Mut. Ins. Co., 186 Pa. 571, where the subject of waiver is fully discussed, Wood on Insurance (2d ed.), pp. 1162, 1163, is quoted with approval as follows : " Where other insurance is required to be indorsed on the policy, if notice thereof is given to the insurer or its agent and consent is not indorsed nor the policy canceled, further compliance is treated as waived and the insurer is estopped from setting up such other insurance to defeat its liability upon the policy, and the same is true, whether the same agent issues both policies ; although consent is not indorsed upon either policy, yet, being issued with knowledge of the facts, the insurer is treated as having waived compliance and is estopped from setting up nonindorsement in defense." This is the general tenor of our Pennsylvania authorities and it has

been similarly held elsewhere.   " Where a policy of insurance provided ' this entire policy, unless otherwise provided by agree-ment indorsed hereon or added hereto, shall be void, if the in-sured now has or shall hereafter make or procure any other con-tract of insurance, whether valid or not, on property covered in whole or in part by this policy,' held, by delivering the pol-icy, knowing the existence of other insurance on the premises, the insurer waived the condition, though no such waiver was indorsed on the policy : " Anderson v. Manchester Fire Assur-ance Co., 28 L. R. A. 609.

Upon an examination of the entire case, we see no error of which the defendant has a right to complain.

Judgment affirmed.