Opinion by
Beaver, J.,
The plaintiff accepted a general accident policy, issued by the defendant, upon January 27, 1905, upon which is indorsed a schedule of warranties, signed by him, containing the following paragraphs:
“I have no accident or health insurance issued by stock companies, assessment or fraternal associations, except as follows:
“I have suffered from the folio-wing accidents, diseases or sicknesses. . . .
“Other than as above stated, I have never received any injury or suffered from any disease or sickness of any character.
“I have never received nor been refused indemnity for any accident, disease or sickness, except as herein stated.”
The contract of insurance was made and the policy issued, as appears therein, “in consideration of the policy fee, the premiums and of the statements, warranties and agreements in the schedule indorsed hereon and made a part hereof, which statements the assured makes on the acceptance of this policy and warrants to be true.”
Upon the trial, the defendant offered to prove “that at the time the policy in suit was issued John B. Stewart held a policy in the Fraternities Accident Insurance Company, providing for an indemnity of $25.00 a week; that in May, 1904, he was sick with pleurisy and received sick benefits from the company amounting to $37.50; this for the purpose of showing breach of warranty, wherein he states 'I have no accident or health insurance issued by stock companies, assessment or fraternal associations, except as .... I have never received nor been refused indemnity for any accident, disease or sickness, except as herein stated.’ ”
There were also distinct offers to prove by Dr. W. C. Miller and-Dr. H. B; Strode that the plaintiff had been treated in the month of May, 1904, for an attack of pleurisy, whilst a member of the Fraternities Accident Insurance Company of Philadelphia, and that he had actually received from said company an indemnity amounting to $37.50. These offers being made for *123 the purpose of showing a breach of the warranties contained in the schedule hereinbefore referred to.
All these offers were ruled out by the trial judge in the court below and their rejection constitutes the first three assignments of error.
The fourth assignment is as to the charge to the jury:
“Now, gentlemen of the jury, he paid his money for this policy, the company received it, the company issued the policy, and, under the conditions contained in this policy, he would be entitled to recover just what amount is set forth in the declaration, or $235.85, and we instruct you to render a verdict for that amount.”
The testimony of the defendant, as to the material allegations contained in its several offers, having been ruled out, there was, of course,' no defense, and, if the ruling of the court in this regard was proper, the binding instructions for the plaintiff naturally follow.
Were the offers of the defendant properly excluded? The appellee here assumes, and the trial judge in the court below seems to have done so, that the plaintiff, having failed to answer questions which were important and essential, as if in an application upon which the policy and schedule of warranties thereto attached are based, he was not bound by the warranties contained in the said schedule. This, however, is based upon an entire misapprehension of what the warranties are. The warranties are contained in a schedule which formed a part of the policy and became operative and binding when it was accepted. The declaration “ I have no accident or health insurance issued by stock companies, assessment or fraternal associations, except as follows:” no exception being added, was equivalent to a direct and unequivocal statement of a fact. It is not in the form of a question and is not interrogative in substance or effect. It required no answer. If the statement was to be regarded as qualified, the qualification must necessarily have been added. So as to the other warranties: “Other than as above stated, I have never received any injury or suffered from any disease or sickness of any character.” There was no statement as to previous disease or sickness. And so *124 as to the warranty, “I have never received nor been refused indemnity for any accident, disease or sickness, except as herein stated.” The testimony offered contradicted all three of these warranties and the policy having been received by the plaintiff with these warranties therein contained, and having been offered in evidence by him as part of his contract with the defendant company, he was bound by them, and the defendant should have been allowed to show that these representations were false, if it could do so. The testimony, proposed in all the several offers of evidence was competent, relevant and material and should have been received. If received, a question for the jury, at least as to the credibility of the witnesses, would necessarily have been raised and submitted for its finding.
That the policy constitutes the contract between the parties and that the acceptance of it by the insured makes operative the warranties therein contained, which he signed, and settles the question of their materiality, scarcely requires the citation of authorities to establish. Hartman v. Keystone Ins. Co., 21 Pa. 466, and Carson v. Metropolitan Life Ins. Co., 1 Pa. Superior Ct. 572, are familiar and striking examples. In the latter case, Judge Willard quotes from May on Insurance, paragraph 184: “The test of the materiality of a misrepresentation or concealment is that it influences the insurer in determining whether to accept the risk.”
We are clearly of opinion that the several offers of evidence presented by the defendant should have been received and, if the testimony had risen to the level of the offers, there could have been no binding instructions for the plaintiff.
The assignments of error are all sustained. Judgment reversed and a new venire awarded.