## Stewart v. General Accident Insurance Company of Philadelphia, Appellant.

*Insurance—Accident insurance—Warranty—Waiver—Acceptance of assessment—Principal and agent—Notice.*

1. Where an accident insurance company has full knowledge through its agents of an alleged false warranty made by an insured in his application, and after an accident continues to collect assessments from the insured for several months, it cannot in a suit on the policy set up the alleged false warranty as a defense. In such a case the jury may find that the company had waived the condition or limitation in the policy as to which the warranty was made.

2. Notice to an agent when it is the duty of the agent to act upon such notice, or to communicate it to his principal, in the proper discharge of his duty as agent is notice to the principal, and applies to agents of corporations, as well as to others.

Argued Oct. 29, 1908. Appeal, No. 159, Oct. T., 1908, by defendant, from judgment of C. P. Bedford Co., Nov. T., 1905, No. 136, on verdict for plaintiff in case of John B. Stewart v. General Accident Insurance Company of Philadelphia. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on an accident policy. See previous report of the case in 35 Pa. Superior Ct. 120.

WOODS, P. J., charged in part as follows:

The plaintiff takes the stand and he testifies to you that when the policy was issued he notified this witness, Mr. Phillips, who was agent of the company, that he had a policy in the True

Blue for health benefits but that it was no accident insurance policy, and that the insurance agent then told him that that made no difference, it would be all right. He further told you that after the accident occurred Mr. Phillips came to see him two or three times, and he testifies to you that he told him at that time that he had this True Blue policy; that Mr. Phillips asked him whether he still had it, and he told him that he had, and had received the $37.50 for sick benefits, and the agent said that was all right. And he testifies also that one C. H. Boyer, who was the general manager of the insurance company, came to see him and that Mr. Boyer said to him that it would be all right, and he told Mr. Boyer that he was carrying this policy in the True Blue. He also testifies to you that after this knowledge having been communicated to the representatives of the company, that the company sent to him a notice notifying him that the premium would be due at such a time and for him to pay it, and he went and paid it to the representative of the company, Mr. Jordan, in Bedford, and that subsequently to that the company, the next month, notified him that his premium would be due at a certain time, and for him to go and pay it, but this he refused to pay, because they refused to pay him for the accident.

[The only question for you to decide is: Did the company by its acts, or the acts of its agent, waive the false statements made by the plaintiff? And in determining this question, you will consider the testimony of the plaintiff himself, his wife and daughter, when they testify that the agent of the company, Warren Phillips, called to see the plaintiff, and he then informed him that he had a policy in the company called the True Blue, and that he at one time received $37.50 as sick benefits; and it is in evidence that the plaintiff told Phillips at the time the policy was issued that he held this policy, and the agent told him that was all right.

It is also in evidence that the company notified the plaintiff to pay this premium after they had this knowledge, and they received the premium. You will also take into consideration the testimony of the agent, Warren Phillips, who testifies to you that the plaintiff did not tell him of the True Blue policy,

or that he had received the $37.50. Plaintiff also testifies that one C. H. Boyer, the general manager, knew of the existence of the policy in the True Blue, and that with that knowledge he sent notices to the plaintiff to pay the premium, and that in pursuance of said notice he did pay one premium, and the company received and still has it. This testimony is to be taken into consideration by you, gentlemen of the jury, in determining your verdict.] [4]  You must not allow the fact that one is an insurance company, and the other a poor man, to enter into it at all. This is not to be considered by you. [Did the company know of the existence of this policy in the True Blue, and with that knowledge did they notify the plaintiff to pay subsequent premiums, and did they receive said premium, knowing of the existence of the True Blue policy, and if they did, then they would waive any defense they may have because of the false warranties made by the plaintiff and the plaintiff could recover.] [5]

If, on the other hand, you find from the testimony of Warren Phillips, that no such statement was made to him by the plaintiff, and that the testimony of the plaintiff to C. H. Boyer was not true, and that the company had no knowledge of the True Blue policy, then the plaintiff cannot recover.

Verdict and judgment for plaintiff for $254.55. Defendant appealed.

*Errors assigned* were (4, 5) above instructions, quoting them.

*E. W. Lank,* of *Smithers & Lank,* with them *E. M. Pennell,* for appellee.—When an insurance company is, under the provisions of the policy, discharged from liability, responsibility for the loss will not reattach by waiver without proof of authority in the party whose act of waiver is relied upon: Mentz v. Lancaster Fire Ins. Co., 79 Pa. 475; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460; Gould v. Ins. Co., 134 Pa. 570; McFarland v. Ins. Co., 134 Pa. 590; Smith v. West Branch Mut. Fire Ins. Co., 31 Pa. Superior Ct. 29.

The soliciting agent had no authority to waive any of the provisions of the policy: Pottsville Mut. Fire Ins. Co. v. Fromm,

100 Pa. 347; Sitler v. Fire Ins. Co., 18 Pa. Superior Ct. 148; Smith v. West Branch Mut. Fire Ins. Co., 31 Pa. Superior Ct. 29; Beddall v. Citizens' Ins. Co., 28 Pa. Superior Ct. 600.

If the defendant company had no knowledge of the false warranty contained in the application for the policy it follows that accepting premiums does not amount to a waiver of the false warranty or act as an estoppel to set up the false warranty as a defense: Bard v. Penn Mut. Fire Ins. Co., 153 Pa. 257; Hook v. Mut. Ins. Co. of Berks County, 160 Pa. 229.

*John H. Jordan*, for appellee.—There was sufficient evidence of waiver: Brumbaugh v. Ins. Co., 20 Pa. Superior Ct. 144; State Ins. Co. v. Todd, 83 Pa. 272; McFarland v. Kittanning Ins. Co., 134 Pa. 590; Mix v. Royal Ins. Co., 169 Pa. 639; Wilson v. Ins. Co., 174 Pa. 554; Bowman v. Ins. Co., 203 Pa. 150; see also Highlands v. Ins. Co., 177 Pa. 566; Kalmutz v. Northern Mut. Ins. Co., 186 Pa. 571; Hower v. Fire Ins. Co., 9 Pa. Superior Ct. 153.

OPINION BY ORLADY, J., May 10, 1909:

When this case was before the court in 35 Pa. Superior Ct. 120, we held that certain evidence which had been excluded was competent, relevant, and material and should have been received, and when received, at least as to the credibility of the witnesses, would necessarily have been raised; and if the offers of evidence presented by the defendant had been received, and if the testimony had risen to the level of the offers, it would have become a question of fact for the jury. On the retrial of the case, the plaintiff recovered a verdict after the excluded evidence suggested in the earlier trial had been received, and the question was fairly submitted to the jury. On this appeal all the assignments of error present but one controlling question, namely, was there sufficient evidence to submit to the jury the question whether the defendant had waived the effect of an alleged false warranty which had been made by the plaintiff in his application for the accident policy in suit. It is admitted that the plaintiff accepted a general accident policy issued January 27, 1905, upon which is in-

dorsed a schedule of warranties signed by him, as set out in the former report of this case, and in order to sustain his right to recover, the testimony of the plaintiff, his wife and daughter, was introduced to show that the company had full knowledge of the plaintiff's being a member of an association called the "True Blue" at the time the policy in suit was issued and that a full explanation had been made by him of the character of the "True Blue" company, and of his relation to it, and further that he was then assured that it would not interfere with his contract with the defendant company in any way, it being only a sick or health policy and not an accident policy.

The accident on which this action is founded occurred on March 2, 1905; and this suit was brought on October 18, 1905. Subsequent to the happening of this accident, it was alleged by the plaintiff, that the company, after having a full knowledge of all the facts in the case, continued to treat the plaintiff as a member of the company, and gave him notices of the amount of the monthly premiums due on his policy, which were to be paid on May 1, June 1, July 1, and August 1, succeeding; that he paid the premiums to July and then withheld further payment on account of the company refusing to pay him the amount claimed on account of his accident. The relation of Boyer and Phillips, the agents of the company, was explained in detail in the testimony, so that it became purely a question of fact under proper instructions for the jury to determine whether the defendant had waived the defects in the plaintiff's claim by continuing to receive the premium due on his policy, and that the assurances given to him by the agents of the defendant that his relation to the "True Blue" company did not conflict with his alleged warranty to the defendant.

The company might have stood on the literal construction of its own rules, and made a successful defense when it first had knowledge of the accident to the plaintiff, but instead of doing this, it is urged that a number of visits were made to him by persons acting for the company, and representations were made to him which would determine his right to recover. The extent of their authority and the representations they

made, depended upon the testimony of witnesses, and this controversy was resolved by the jury in favor of the plaintiff's contention. If, with the knowledge in its possession of every fact upon which to avoid the policy, they misled the plaintiff for three or more months, and induced him to pay the premiums that would be due to them only upon a live policy, and never informed him that they would not pay because the policy was voided, they have no ground to complain if they are held to be estopped from setting up such defense: Niagara Fire Ins. Co. v. Miller, 120 Pa. 504. If the company acted and promised after the action was legally barred, as if it did not intend to insist upon the limitation, and put the party to trouble, expense and anxiety in regard to his claim, they need not complain of a jury finding that they did waive it: McFarland v. Insurance Company, 134 Pa. 590. The testimony in this case was all in parole. It consisted of declarations of the agent, coupled with letters written by the company which were either denied or were open to contradictory inferences; but taking it as a whole, it was not vague, indefinite nor unsatisfactory in character, and was sufficiently convincing to warrant the jury in determining that it measured to the degree of being clear, precise and indubitable under the instructions of the court: Grier Bros. v. Assurance Company, 183 Pa. 334; Bowman v. Mutual Fire Ins. Co., 203 Pa. 150. The knowledge of an agent which will affect his principal with constructive notice must be gained by the agent while acting for the principal in the matter to which it relates; and it was reasonably urged in this case that Boyer and Phillips were not only acting in the line of their authority as agents, but were especially delegated to act for the company in this particular case.

As is said in McSparran v. Southern Mutual Ins. Co., 193 Pa. 184: Notice is knowledge or information legally equivalent to knowledge brought home to the party notified, in immediate connection with the subject to which the notice relates: Sitler v. Fire Ins. Co., 18 Pa. Superior Ct. 139. Notice to an agent when it is the duty of the agent to act upon such notice, or to communicate it to his principal, in the proper

discharge of his duty as agent is notice to the principal, and applies to agents of corporations, as well as to others: Sitler v. Fire Ins. Co., No. 2, 18 Pa. Superior Ct. 148; Lightcap v. Nicola, 34 Pa. Superior Ct. 189. Where the company has knowledge of a violation of a condition in the policy and yet continues to treat the policy as in force, it cannot be permitted to set up such breaches to defeat the contract. Such a course tends to lull the party to sleep, by the assurance that the condition of the policy has been complied with. In such a case it is an estoppel which is the true ground upon which a doctrine of waiver rests. If the policy was in force for the purpose of collecting assessments on it, and was so treated by the defendant company, it was certainly in force for the purpose of paying the loss for which the company agreed to be liable under its very terms. The condition or limitation in the policy was for the benefit of the defendant and the defendant could waive it. Whether it did in fact waive it, was a question for the jury: Bonnert v. Ins. Co., 129 Pa. 558; McFarland v. Ins. Co., 134 Pa. 590; Brumbaugh v. Home Mutual Fire Ins. Co., 20 Pa. Superior Ct. 144; Mix v. Royal Insurance Co., 169 Pa. 639.

The assignments of error are overruled and the judgment is affirmed.