## Thomas, Appellant, *v.* Employers Liability Assurance Corporation Ltd. of London.

*Insurance—Automobile liability insurance — Renewal of policy
to insured's widow—Agent—Ratification—Acceptance of premium
—Estoppel—Waiver.*

1. While it is a general rule that agents of an insurance company
have no power to waive an express condition in the policy, yet
estoppel may be raised by the authorized act of an agent, or by
the company's acquiescence in his act or by representations of its
agents brought to the attention of and not repudiated by it or its
general agents.

2. A company may waive a condition in a policy by parol al-
though it contains a stipulation that there shall be no waiver ex-
cept by an express agreement endorsed on the policy; and this is
especially so where the company had accepted money from the
assured and retained it, without notice of repudiation until after
an accident.

3. Under the facts disclosed by the pleadings in this case, judg-
ment should not have been entered for defendant on demurrer
because an agreement of renewal was not endorsed on an auto-
mobile liability policy, but the case should have been submitted
to a jury to determine whether the company had in fact waived
the stipulation as to written endorsement.

Argued May 18, 1925.   Appeal, No. 203, Jan. T.,
1925, by plaintiff, from judgment of C. P. York Co., Aug.
T., 1923, No. 164, for defendant on question of law
raised by affidavit of defense, in case of Mary C. Thomas
v. Employers Liability Assurance Corporation Limited
of London.   Before FRAZER, WALLING, SIMPSON, KEP-
HART, SADLER and SCHAFFER, JJ.   Reversed.

Assumpsit on insurance policy.   Before Ross, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on question of law raised by affidavit of defense. Plaintiff appealed.

*Error assigned,* was, inter alia, judgment, quoting record.

*Henry C. Niles,* with him *Michael S. Niles, Charles A. May* and *George E. Neff,* for appellant.—The court below limited consideration, upon which his decision was made, to the proposition that the terms of the written contract were changed by the local agent.

The assurance to plaintiff by the local agent, known by the general agent and not repudiated, was the act of the company and bound it and waived immediate attachment of the formal written endorsement.

An insurance company may be estopped by representations of its agent brought to the attention of, and not repudiated by, its general agent: Levinton v. Ins. Co., 267 Pa. 448; First Nat. Bank v. Ins. Co., 274 Pa. 129; Hoffman v. Ins. Co., 274 Pa. 292; Damms v. Ins. Co., 226 Pa. 358; Russell v. Ins. Co., 272 Pa. 1; Stewart v. General Accident Ins. Co., 39 Pa. Superior Ct. 396; McGinness v. Ins. Co., 78 Pa. Superior Ct. 376; Central Market Co. v. Ins. Co., 245 Pa. 272; Witmer v. Ins. Co., 68 Pa. Superior Ct. 12.

*George S. Love,* for appellee.—There is no contractual relation between plaintiff and defendant.

General agents of an insurance company have no power to waive any express conditions in the policy: Mentz v. Ins. Co., 79 Pa. 475; Greene v. Ins. Co., 91 Pa. 387; Simons v. Ins. Co., 277 Pa. 200; Levinton v. Ins. Co., 267 Pa. 448; Primo v. Ins. Co., 72 Pa. Superior Ct. 409.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1925:

This appeal by plaintiff is from a summary judgment entered for defendant on a question of law raised by the affidavit of defense.

Plaintiff, Mary C. Thomas, is the widow of Walter J. Thomas, who at the time of his death had a liability policy, covering operation of an automobile, in defendant company which expired three days thereafter. Before the death of Thomas, defendant had sent to Stallsmith, its local agent in York, a renewal policy for delivery to Thomas when the other one expired. Owing to his death, delivery had not been made and Stallsmith notified plaintiff, to whom the automobile had passed under her husband's will, that she could have the benefit of the policy if she so desired and would give him the name of the person who would operate it for her. About two weeks following her husband's death, Mrs. Thomas notified Stallsmith that she would accept and pay for the policy if it would protect her while driven by her son. Stallsmith assured her that it would and told her in substance that he would arrange the matter with the company. On the same day, March 5, 1921, Stallsmith wrote to the general agent of the company in Philadelphia, informing him of the death of Mr. Thomas and stating that he assumed that the interest of the deceased "would revert automatically to his widow, but we desire to furnish the correct names for the benefit of your records. Should endorsement be necessary we will attach same to the policy upon receipt." No reply was made to this letter. It is averred in the statement of claim that the usual course of business of defendant and its general agent with the local agent was that unless defendant objected, such matters as those set forth in the letter were ratified and approved. The statement avers that the local agent, after waiting the usual time for acknowledgment of his letter and having received no reply, notified plaintiff that the interest of her husband had "reverted" to her and that no endorsement or other action was necessary and that she might use the automobile driven by her son with the assurance that it would be covered by the provisions of the policy. It would seem from the statement that there is some ques-

tion. as to how long after writing the letter the local agent waited before so communicating with plaintiff. While point is made of this by defendant in its argument, we do not deem it of vital consequence to the result at this time. The local agent delivered the policy to plaintiff, who paid the premium to him. He forwarded the premium to defendant and it was accepted and retained.

Subsequent to the receipt of the policy and payment of the premium, while the car was being operated by plaintiff's son, an accident happened in which third persons were. injured, which subjected plaintiff to liability. On the following day, plaintiff notified the local agent of the accident and he gave written notice to the general agent. Defendant sent its adjuster to York, who investigated the circumstances of the accident and reported to defendant. Subsequent to this, defendant authorized the local agent to secure the services of a machinist and have him make a survey of the automobile of the other parties which had been injured in the accident and to forward to defendant an accurate account of its parts broken or damaged and of the cost to replace or repair them, which the local agent did. Thereafter defendant wrote to the local agent and to plaintiff, stating that it had not been able to find any letter from him previous to the date of the accident advising it of the death of plaintiff's husband and of the desire to have the policy changed and saying that the claims arising from the accident were not covered by the policy and repudiating liability. On May 20, 1921, almost two months after the date of the accident, defendant delivered to plaintiff a form of endorsement for the policy making it effective for plaintiff's benefit from May 20, 1921; she did not accept or agree to this endorsement. Subsequently defendant's general agent authorized plaintiff to settle the damage claims made against her without prejudice to its claim of no liability, which was done and releases were obtained.

Defendant repudiated liability on its policy, suit was brought and a statement of claim filed setting forth the facts heretofore recited, and defendant filed an affidavit of defense raising the question of law that there was no contractual relation existing between plaintiff and it. On this ground the court entered judgment for defendant. The court détermined that the local agent did not have authority to waive the terms and conditions of the policy, one express provision of which was that "no condition or provision of this policy shall be waived or altered, except by endorsement attached hereto, signed by the manager and attorney of the corporation for the United States, nor shall knowledge possessed by any agent or by any other person be held to effect a waiver or change in any part of this contract. Changes in the written portions of the declaration made a part hereof (except items 7, 8 and 9) may be made by the agent countersigning this policy [the general agent in Philadelphia countersigned it] such changes binding the corporation when initialed by such agent." The court determined that there had been no such change in the policy as bound the defendant until after the accident and until the formal endorsement was forwarded to plaintiff on May 20th. This we think is too restricted a view of plaintiff's allegations.

While it is true that the local agent could not change the policy, plaintiff's case does not rest entirely on the assumption that he could, but upon her allegations that defendant knew of her husband's death and of her desire to continue the policy prior to the accident, that it received the premium from her and retained it with this knowledge and that its acts in this respect warranted her conclusion that the policy was in existence for her benefit. It will be noted that the letter from the company to the local agent in which it refers to his letter of March 5th, where notice of the husband's death and plaintiff's desire to continue the policy appears, does not deny knowledge of his death, but only sets up that the

letter of notification cannot be found. There is no denial that the company received the premium from plaintiff and retained it. The reasons for this course of conduct are not explained.

While the rule undoubtedly is that agents of an insurance company, such as the local agent in this case, have no power to waive an express condition in the policy (Marland v. The Royal Ins. Co., 71 Pa. 393; Greene v. Lycoming Fire Ins. Co., 91 Pa. 387; Pottsville Mutual Fire Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 137; Levinton v. Ohio Farmers Ins. Co., 267 Pa. 448), yet estoppel may be raised by the authorized act of an agent or by the company's acquiescence in his act or by representations of its agents brought to the attention of and not repudiated by it or its general agent (Mentz v. Lancaster Fire Ins. Co., 79 Pa. 475; Wachter v. Phœnix Assurance Co., 132 Pa. 428; Light v. Countrymen's Mutual Fire Ins. Co., 169 Pa. 310; Highlands v. Lurgan Mutual Fire Ins. Co., 177 Pa. 566; Hoffman v. Mutual Fire Ins. Co. of Reading, 274 Pa. 292, 300; Damms v. Humboldt Fire Ins. Co., 226 Pa. 358; Stewart v. General Accident Ins. Co., 39 Pa. Superior Ct. 396; Mc-Ginniss v. Caledonian Ins. Co., 78 Pa. Superior Ct. 376; Central Market Street Co. v. North British & Mercantile Ins. Co., 245 Pa. 272; Jenkins v. Franklin Fire Ins. Co., 282 Pa. 380); and the company may waive a condition in a policy by parol although it contains a stipulation that there shall be no waiver except by an express agreement endorsed on the policy: Bush v. Hartford Fire Ins. Co., 222 Pa. 419, 432; First Nat. Bank v. Home Ins. Co., 274 Pa. 129, 133; Simons v. Safety Mutual Fire Ins. Co., 277 Pa. 200, 203. We think, under the circumstances averred, this is not such a plain case as should have been determined by a summary judgment (Briggs v. Logan Iron & Steel Co., 276 Pa. 326; Geary v. Schwem, 280 Pa. 435; Rhodes v. Terheyden, 272 Pa. 397); the court should not have sustained the affidavit of defense in lieu of demurrer and a trial should be had to develop

fully all the facts, particularly those pertaining to the letter of March 5th and the receipt and retention of the premium. The company knew by the letter of March 5th, if it received it (and it is not denied that it was deposited in the mail properly addressed and therefore it is presumed, in the absence of proof to the contrary, that it was received), that plaintiff's husband was dead, that the car had become the property of the widow and that it was to be driven by her son; it also knew that it was assumed by its local agent that if any endorsement of the policy was required the company would furnish it; this it thereafter did, but with liability postponed to a time subsequent to the accident. Whether under a full disclosure of all the facts it could so curtail its liability will be for the court below to determine when all the facts are shown.

The judgment of the court below is set aside with a procedendo.