Evans *v.* Metropolitan Life Ins. Co., Appellant.

Argued October 3, 1928.  Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*D. P. Weimer,* for appellant.—The writing was the
entire contract, the policy of insurance issued and ac-
cepted proves that it was the entire contract, the appli-
cation for the policy proves that no representations or
statements were made that were not included in the
policy: Gianni v. Russell & Co., Inc., 281 Pa. 320.

There is no allegation that the subagent Harris, had
authority to make any statements contrary to or to con-
tradict or change the answers made in the application or
the provisions of the policy, and the statement of Harris

that it was not necessary to include the insurance of the Fidelity & Casualty Co., if such statement was made, was a mere expression of opinion and Harris would be acting as the advisor of plaintiff and not as the representative of the company in making such statements, if he made them: Levinton v. Ins. Co., 267 Pa. 448; Gross v. Machine Works, 277 Pa. 363; Holcomb & Hoke Mfg. Co. v. Gamba, 80 Pa. Superior Ct. 191; Oxweld Acetylene Co. v. Hastings, 71 Pa. Superior Ct. 178.

*Frank P. Barnhart,* of *Barnhart & Bender,* for appellee.—The question whether there was a waiver of the provisions of the policy requiring all other insurance carried by plaintiff to be specified in writing was for the jury: Kalmutz v. Ins. Co., 186 Pa. 571; Brumbaugh v. Ins. Co., 20 Pa. Superior Ct. 144; Thomas v. Liability Co., 284 Pa. 129; Witmer v. Ins. Co., 68 Pa. Superior Ct. 12; First Nat. Bank of Mildred v. Ins. Co., 274 Pa. 129.

Evidence of plaintiff's alleged indebtedness and forgery alleged to have been committed by him was properly excluded: Com. v. Haines, 257 Pa. 289; Bos v. Bank, 41 Pa. Superior Ct. 388; Lauer v. Posey, 15 Pa. Superior Ct. 543; Stewart v. Ins. Co., 92 Pa. Superior Ct. 256.

OPINION BY MR. JUSTICE WALLING, November 26, 1928:

In the summer of 1926, John I. Evans, a resident of South Fork, Cambria County, engaged, inter alia, in the sale of automobiles, did, at the request of an agent of the defendant insurance company, make application for a $10,000 accident policy. His application stated that he was carrying a $10,000 accident policy in the Travelers Insurance Company and a $7,500 accident policy with the defendant. At first the home office declined to issue the policy, stating it would make too much accident insurance in proportion to his life insurance. But, being urged thereto by the local and district agents,

did, on November 10, 1926, issue the requested $10,000 accident policy and received the premium thereon; basing it, however on a new application, which contained the same provision as to other accident insurance. The policy stipulates for the payment, inter alia, of $5,000 for the loss of a foot, and on February 14, 1927, plaintiff's right foot was so badly crushed as to necessitate amputation above the ankle. This suit, brought for the injury so sustained, resulted in a verdict and judgment for plaintiff and the defendant has appealed.

None of the errors assigned can be sustained. In addition to the insurance above mentioned, plaintiff was carrying a $10,000 accident policy in the Fidelity and Casualty Company, not mentioned in either application. This was prima facie a defense, but the applications were written by the local agent of defendant and the evidence for plaintiff was that he informed the agent of the $10,000 policy in the Fidelity and Casualty Company and complained of its omission from the application, but was assured by the former that, inasmuch as the last named policy carried no weekly indemnity, it was not necessary to mention it in the application. This the agent denies; but there is disinterested evidence that at one time he practically admitted making the statement. Plaintiff avers that relying on the agent's statement he paid the premium and accepted the policy. Knowledge of an agent, gained in the transaction of the business in question, is knowledge of the principal: Stewart v. General Acc. Ins. Co., 39 Pa. Superior Ct. 396; and see Thomas v. Employers L. Assur. Corp., 284 Pa. 129. If, with knowledge of the extra $10,000 accident insurance, defendant issued the policy and accepted the premium, it would constitute a waiver of the omission of that policy from the application and the policy in suit would be valid. The statement of Wood on Insurance (2d ed.), pp. 1162, 1163, that: "Where other insurance is required to be endorsed on the policy, if notice thereof is given to the insurer or its agent and consent is not

endorsed nor the policy canceled, further compliance is treated as waived and the insurer is estopped from setting up such other insurance to defeat its liability upon the policy, and the same is true, whether the same agent issues both policies; although consent is not endorsed upon either policy, yet, being issued with knowledge of the facts, the insurer is treated as having waived compliance and is estopped from setting up nonendorsement in defense," is quoted with approval in Kalmutz v. Ins. Co., 186 Pa. 571, 576; also in Brumbaugh v. Fire Ins. Co., 20 Pa. Superior Ct. 144, 148. "It is usually held that where the insurer, at the time of the issuance of a policy of insurance, has knowledge of existing facts which, if insisted on, would invalidate the contract from its very inception, such knowledge constitutes a waiver of conditions in the contract inconsistent with the known facts, and the insurer is estopped thereafter from asserting the breach of such conditions": 14 R. C. L. 1166. The insured ought not to be prejudiced by the mistake of the insurance agent: Ins. Co. of North America v. Melvin, 1 Walker 362, 364; and see Mullen v. Ins. Co., 182 Pa. 150; Dowling v. Merchants Ins. Co., 168 Pa. 234. Furthermore, a parol waiver is valid even where, as here, the applicant agrees "that no statements made nor information furnished shall be binding upon the company unless written herein": First Nat. Bank of Mildred v. Home Ins. Co., 274 Pa. 129; Hoffman v. Mutual F. Ins. Co. of Reading, 274 Pa. 292; Bush v. Hartford Ins. Co., 222 Pa. 419; Thomas v. Employers L. Assur. Corp., supra; Mix v. Royal Ins. Co., 169 Pa. 639, 645; McFarland v. Ins. Co., 134 Pa. 590; and see Simons v. Safety Mut. Fire Ins. Co., 277 Pa. 200; Suravitz v. Prudential Ins. Co., 244 Pa. 582; Smith v. Mutual Fire Ins. Co., 89 Pa. 287; Soroko v. Woodmen of the World, 76 Pa. Superior Ct. 328. In Witmer v. Royal Ins. Co., Ltd., 68 Pa. Superior Ct. 12, Judge PORTER, speaking for the court, says (p. 17): "That an insurance company may waive a condition in

a policy by parol, although it contains a stipulation that there shall be no waiver of any conditions except upon express agreement endorsed on the policy, must now be accepted as the law of Pennsylvania." The general rule against the modification of written instruments by oral evidence does not control such case.

Another element of the defense was that plaintiff's injuries were self-inflicted and not an accident. This was a question of fact which the jury resolved against the defendant. There are some seeming improbabilities in plaintiff's story about being thrown from his car over a bank down which he fell onto a railroad track where his foot was crushed by a passing train, and then, in his crippled condition, climbing up the steep, icy bank. Some features of this story, however, are corroborated, and he did drive into town that morning with his foot so badly crushed as to be nearly severed from the ankle. Moreover, there is nothing to indicate that the injury was inflicted otherwise than as he relates. The story being physically possible cannot be rejected by the court.

The defense called the plaintiff as for cross-examination and made an offer as follows: "We propose to prove by the witness that he was indebted in approximately the sum of $11,000 to the Moxham Investment Corporation and that he had discounted papers of a number of alleged customers on notes which they had not signed and that some of these notes were about to fall due at the time of the alleged injury, together with other financial indebtedness, for the purpose of contradicting the testimony of the plaintiff that the injury was accidental." The objection made thereto, inter alia, that it was irrelevant, incompetent and would tend to incriminate the witness, was properly sustained. Had the offer been to prove plaintiff was in such dire need of money as to afford a motive for cutting off his foot to secure the insurance, a different question would be presented. But the mere offer to prove plaintiff owed $11,000, or had signed other peoples' names to notes, would not show he

was hard pressed for money; nor was it offered for that purpose, but solely "for the purpose of contradicting the testimony of the plaintiff that the injury was accidental," which, of course, it would not do. Whether plaintiff had signed other peoples' names to notes, was a wholly collateral matter and properly excluded: Com. v. Haines, 257 Pa. 289; Com. v. Williams, 209 Pa. 529; Hoffman v. Kemerer, 44 Pa. 452; Bos v. Peoples National Bank, 41 Pa. Superior Ct. 388; Schondorf v. Griffith, 13 Pa. Superior Ct. 580. In addition, he could decline to answer, so far as it might tend to incriminate him: 28 R. C. L. 423. While this is the personal privilege of the witness, his counsel may properly advise him of his rights: Rossiter's Adjudication, 84 Pa. Superior Ct. 193; In re Contempt of Myers & Brei, 83 Pa. Superior Ct. 383, 394. Again, the credit of a witness cannot be impeached by proof of allegel offenses for which he has never been prosecuted: Marshall v. Carr, 271 Pa. 271, 275; Stout v. Rassel, 2 Yeates 334. Considered from any viewpoint, the offer was properly excluded.

The judgment is affirmed.