## Ecker v. McClimons

678

*Weisen, Cusick & Madden,* for plaintiffs.

*Brockway, Brockway & Acker* and *Fruit & Francis,* for defendants.

RODGERS, P. J., January 10, 1956.—This matter is before the court on an application pursuant to Pa. R. C. P. 4019 (*b*) to compel Louis G. Ecker to answer a series of questions directed to him at previous deposition hearings.

In argument before the court, several questions of law of a general nature were raised. They are as follows:

1. In the course of taking depositions, may counsel for a party or a personal counsel for a witness not a party, direct his client not to answer questions propounded to his client, or must the party or witness who is refusing to testify speak for himself?

It is this court's opinion that counsel for a party or a witness may direct his client not to answer and that, generally speaking, the witness, whether party or not, need not speak for himself. While it is well recognized as a general principal that a witness must testify to matters which are the subject of inquiry, it is also well established that a witness need not testify to matters which are, in fact, privileged, or which are incompetent, immaterial, irrelevant or otherwise inadmissible. The subject about which the witness is being questioned must be one which is a proper subject of inquiry before a witness is obliged to answer. See 58 Am. Jur. §29.

It is also true that it has been stated generally that a view of a witness as to whether a matter is competent, material, relevant or admissible, does not justify

a witness in refusing to testify. However, this means simply that it is the function of the court to determine whether a matter is relevant, material, competent and admissible where there has been a refusal to answer by the witness, or where counsel for the witness objects to the question propounded to the witness and directs the witness not to answer. It would appear to be obvious that whether or not the witness be a party he need not testify where counsel objects to a propounded question until the court has ruled on the objection and ordered the witness to testify.

This has been our general law and this court has been able to find nothing in the new rules which would indicate an intent on their part to change this situation.

Rule 4007(a) provides:

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

The above rule plainly infers that a deponent may not be examined as to matters which are not relevant. Shall rule 4007(a) be construed to mean that a witness may not refuse to answer a question to which his counsel objects as being irrelevant and that counsel for the witness is limited in his remedy to filing a motion for a protective order if he wishes to prevent the witness from answering? If such a construction be given to the rule, completely irrelevant questions might be asked by the examining party as: "What are

the limits of your insurance policy?", or "How much will you take in settlement of this case?" and counsel for the witness, in spite of such obviously improper questioning, would have the burden of moving for a protective order.

It seems clear that it is intended under the Rules of Civil Procedure relating to depositions that counsel for a witness who is asked an irrelevant question has the alternative remedy of instructing the witness not to answer. Otherwise, rule 4019(b) would be unnecessary and the witness would be subject to an order of contempt. Rule 4019(b) provides:

"If a deponent refuses to be sworn or to answer any question, the deposition shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, the proponent may apply to a proper court in the county where the deposition is being taken or to the court in which the action is pending, for an order compelling the witness to be sworn or to answer, under penalty of contempt, except that where the deposition of a witness not a party is to be taken outside the Commonwealth, the application shall be made only to a court of the jurisdiction in which the deposition is being taken. If the application is granted and if the court finds that the refusal was without substantial justification, the court may require the refusing deponent, and any party inducing the refusal, or either of them, to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including attorney's fees. If the application is denied and if the court finds that the application was made without substantial justification, the court may require the examining party to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the application, including attorney's fees."

It is to be noted that under the above rule the court may refuse an application for an order requiring a witness to testify and may require the examining party to pay the refusing party or witness reasonable attorney's fees and costs. This rule impliedly recognizes the right of a party or witness to refuse to answer, under penalty, however, if it be found by the court, on application by the examining party, that the refusal to answer was without justification.

It is recognized under rule 37 of the Federal rules on depositions that a witness or party is not confined to the remedy of seeking a protective order where he seeks to prevent answers to improper questions. In 2 Barron and Holtzoff, Federal Practice and Procedure, §717, page 401, it is stated:

"An alternative method by which a court ruling upon the propriety of the examination may be obtained is by refusal of the witness to answer the questions, thus provoking a motion by the examining party under Rule 37 for an order compelling the deponent to answer."

2. If counsel for a party or personal counsel of a witness does direct his client not to answer, should he at that time place on the record his reason for refusal?

This question simply requires the application of the ordinary rule of law that a general objection will be overruled if the question is competent and if the answer would be relevant for any purpose. The person objecting without specifying his grounds simply assumes this risk and in this situation he may also assume the risk of being penalized by the imposition of costs incurred in obtaining an order directing the answer.

3. Is the personal counsel of a witness permitted to enter objections of record to questions propounded to his client in actions where his client is not a party?

In an ordinary two party action we believe that the personal counsel would have no such right. However, we believe counsel for a witness should not be so limited where the witness is a party in a separation action arising from the same transaction out of which the action in which the depositions are being taken also arose. In the instant case at least two other actions have been filed arising out of the same transaction. It is quite possible that these cases will be tried together and that the testimony of the several parties will be placed in evidence before the same jury. In such a situation the right of counsel for Ecker to enter objections of record to questions propounded to his client by other counsel cannot be questioned. It follows that the same right should be available to him in a deposition hearing.

It has been argued that in the instant case the witness may refuse to answer certain of the questions propounded on the grounds of his privilege against selfincrimination. A question arises concerning the time and manner in which the privilege must be claimed. Our courts have indicated that the privilege must be personally and specifically claimed by the person entitled to it, but it has been held that counsel may advise his clients of his rights: Rossiter's Adjudication, 84 Pa. Superior Ct. 193, 198; Evans v. Metropolitan Life Insurance Company, 294 Pa. 406, 412.

If an otherwise proper question is put to a witness in a deposition hearing, and he declines to answer and states no reason for such a refusal, he would ordinarily upon application by the adverse party, be directed by the court to answer the question. Would he at that time have the right to claim the privilege against self-incrimination or did he waive it when he previously declined to answer without stating his reason?

If the hearing were before the court the question would be asked and after the overruling of a general

objection, the witness would either answer the question or at that time claim the privilege. We doubt that under these circumstances the witness would be held to have waived his privilege. The legal principals involved are, we believe, no different where the question is asked in a deposition hearing. It is true that considerable time may be consumed in securing a ruling on the "general objection" but once the ruling is made, we believe the witness may still claim the privilege. It is possible, however, that the court might place the costs of the application on the party claiming his privilege under these circumstances because of the unnecessary delay and expense caused by his failure to claim the privilege initially.

The court will now consider the individual questions enumerated by the application for order under Pa. R. C. P. 4019(*b*). The court has numbered the questions in the order set out in the application and will refer to them in that manner:

Questions 1, 2, 3, 4 and 11 need not be answered by the witness. The court can ascertain no possible relevance to the present action.

On the present state of the record the witness must answer questions 5, 6, 7, 8, 9, 10, and 12. The court feels that these are proper preliminary questions which may be asked for the purpose of laying a foundation to other questions which might involve the witness in a recitation of facts relating directly to the subject matter of this action.

### Order

And now, January 10, 1956, after consideration of the application filed herein, plaintiff, Louis G. Ecker, is hereby directed to answer questions 5, 6, 7, 8, 9, 10, and 12. The application with reference to questions 1, 2, 3, 4 and 11 is denied.